FILED
U.S. DISTRICT COURT
SAVANNAH DIV.

# UNITED STATES DISTRICT COURT,

2006 AUG -2   PM 4: 48

# SOUTHERN DISTRICT OF GEORGIA

CLERK
SO. DIST. OF GA.

# SAVANNAH  DIVISION

| | | |
|---|---|---|
| TONYA MARIE ARLEDGE | ) | |
| v. | ) | Case No.  CV406-163 |
| PRESIDENT GEORGE W. BUSH | ) | |
| | | |
| TONYA MARIE ARLEDGE | ) | |
| v. | ) | Case No.   CV406-164 |
| CITY OF SAVANNAH | ) | |
| | | |
| TONYA MARIE ARLEDGE | ) | |
| v. | ) | Case No.   CV406-165 |
| SHELBY HOOSE | ) | |
| | | |
| TONYA MARIE ARLEDGE | ) | |
| v. | ) | Case No.  CV406-166 |
| ALLISON MARUCA | ) | |
| | | |
| TONYA MARIE ARLEDGE | ) | |
| v. | ) | Case No.  CV406-174 |
| JACK KINGSTON et al. | ) | |
| | | |
| TONYA MARIE ARLEDGE | ) | |
| v. | ) | Case No.  CV406-175 |
| DR. KEITH HALL | ) | |
| | | |
| TONYA MARIE ARLEDGE | ) | |
| v. | ) | Case No.  CV406-176 |
| JOHN T. MULVIHILL | ) | |

TONYA MARIE ARLEDGE )
v. )   Case No.  CV406-177
PACE MANAGEMENT )

TONYA MARIE ARLEDGE )
v. )   Case No.  CV406-178
CHARLIZE THERON )

TONYA MARIE ARLEDGE )
v. )   Case No.  CV406-179
DONALD TRUMP )

TONYA MARIE ARLEDGE )
v. )   Case No.  CV406-180
FBI )

TONYA MARIE ARLEDGE )
v. )   Case No.  CV406-181
BEN AFFLECK )

TONYA MARIE ARLEDGE )
v. )
CHATHAM COUNTY POLICE )   Case No.  CV406-182
DEPARTMENT )

TONYA MARIE ARLEDGE )
v. )   Case No.  CV406-183
CUMULUS BROADCASTING, INC. )

TONYA MARIE ARLEDGE )
v. )   Case No.  CV406-184
DR. JOHN FABER )

TONYA MARIE ARLEDGE        )
v.                          )        Case No.  CV406-187
KROGER                      )

## REPORT AND RECOMMENDATION

Tonya Marie Arledge is an out-of-control litigant.  In March of this year, she burdened this Court with twenty-three *pro se* complaints, each of which the Court allowed filed *in forma pauperis* and then dismissed as either factually or legally frivolous pursuant to 28 U.S.C. § 1915(e)(2).  At the time it issued those rulings, the Court held out hope that Ms. Arledge—who clearly suffers from some mental infirmity characterized by delusions and extreme paranoia—would forego any further filings in this Court and pursue some other avenue of relief from her mental demons. That has proved to be a false hope, for in July she filed applications to proceed *in forma pauperis* with another sixteen complaints which reassert the baseless allegations of her previous filings.[1]   It is now time for the Court to take measures to protect itself and the public from this abusive litigant, who has already consumed far too much of the  Court's limited resources in addressing her fanciful claims.

------

[1]The Court will allow those claims to proceed IFP, as Ms. Arledge appears to be indigent. 28 U.S.C. § 1915(a).

## A.    Analysis of the Recent Filings

Tonya Marie Arledge is a completely sincere but utterly delusional litigant.  In the vast majority of her many complaints—which total 39 in a five-month period—she reports that she has been repeatedly spied upon, raped, and tortured by the President of the United States, various movie actors and actresses, and other celebrities and local media figures.  She is convinced that the intimate details of her private life are being discussed on the radio and television, that government officials have implanted wires and computer chips in her head, and that the President is plotting to have her killed.  She suffers and cries "all the time" because of the imagined abuses that these public figures have inflicted upon her.  Ms. Arledge clearly needs the services of a mental health professional, and although she has revealed in some of her filings that she has received such services in the past, it is apparent that she is resistant to the notion that further mental health treatment is in her best interest.

In addition to be being utterly frivolous, all but one of plaintiff's latest series of complaints simply repeats or restates the allegations raised in the complaints this Court previously dismissed under 28 U.S.C. § 1915(e).

4

Although the dismissal of a suit as frivolous under 28 U.S.C. § 1915 is not a dismissal on the merits (and therefore does not prejudice the filing of a paid complaint making the same allegations), it nevertheless may have "a res judicata effect on frivolousness determinations for future *in forma pauperis* petitions." <u>Denton v. Hernandez</u>, 504 U.S. 25, 34 (1992); <u>see</u> <u>Cieszkowska v. Gray Line New York</u>, 295 F.3d 204, 205-06 (2nd Cir. 2002).

The following newly-filed suits involve claims identical to those plaintiff has previously asserted against the named defendant, claims which the Court has already determined to be frivolous:

1.      <u>Arledge v. Bush</u>, CV406-163 (filed 7/18/06).  In this complaint, Arledge repeats the allegations she made in <u>Arledge v. Bush</u>, CV406-062 (dismissed as frivolous 5/23 06), where she alleged that President Bush has raped her, caused the FBI to destroy her livelihood,  and conspired to have her killed.

2.      <u>Arledge v. City of Savannah</u>, CV406-164  (filed  7/18/06). Plaintiff's latest suit against the city is identical to the complaint she filed in <u>Arledge v. City of Savannah</u>, CV406-073 (dismissed  as  frivolous  on 5/26/06).

3.     <u>Arledge v. Hoose</u>, CV406-165 (filed 7/18/06).  Arledge raises allegations identical to those asserted in <u>Arledge v. Hoose</u>, CV406-056 (dismissed as frivolous on 5/23/06).

4.     <u>Arledge v. Maruca</u>, CV406-166 (filed 7/18/06).  This complaint is virtually identical to the complaint she filed in <u>Arledge v. Maruca</u>, CV406-047 (dismissed as frivolous on 5/24/06).  Included with the complaint is a "motion to file court order" which includes a dramatic summary of her claims and emphasizes the depth of her mental infirmity through allegations that she has had "ice cubes shoved in [her] veins," "rats or mice shoved inside [her] rectum," skewers forced in her ears, "rakes and poles" placed in her vagina, cigarettes extinguished in her eyes, and "brain surgery on [her] couch."

5.     <u>Arledge v. Dr. Hall</u>, CV406-175 (filed 7/25/06).  This complaint is identical to the complaint this Court dismissed as frivolous in <u>Arledge v. Hall</u>, CV406-53 (dismissed on 5/30/06).

6.     <u>Arledge v. Mulvihill</u>, CV406-176 (filed 7/25/06).  This complaint is identical to the pleading she filed in <u>Arledge v. Mulvihill</u>, CV406-046 (dismissed as frivolous on 5/23/06).

7.     <u>Arledge v. Pace Management</u>, CV406-177 (filed 7/25/06).  This complaint is virtually identical to the complaint this Court dismissed as frivolous in <u>Arledge v. Spanos Corp., Pace Management</u>, CV406-50 (dismissed on 5/23/06).

8.     <u>Arledge v. Charlize Theron</u>, CV406-178 (filed 7/25/06).  This pleading is identical to the complaint this Court dismissed as frivolous in <u>Arledge v. Theron</u>, CV406-59 (dismissed 5/24/06).

9.     <u>Arledge v. Trump</u>, CV406-179 (filed 7/25/06).  This complaint is identical to the pleading this Court dismissed as frivolous in <u>Arledge v. Trump</u>, CV406-061 (dismissed 5/24/06).

10.    <u>Arledge v. FBI</u>, CV406-180 (filed 7/25/06).  This complaint is virtually identical to the pleading plaintiff submitted in <u>Arledge v. FBI</u>, CV406-049 (dismissed as frivolous on 5/24/06).

11.    <u>Arledge v. Ben Affleck</u>, CV406-181 (filed 7/25/06).  This complaint presents allegations identical to those asserted by plaintiff in <u>Arledge v. Affleck</u>, CV406-045 (dismissed as frivolous on 5/24/06).

12.    <u>Arledge v. Chatham County Police Department</u>, CV406-182 (filed 7/25/06).  This complaint is virtually identical to her complaint in

Arledge v. Chatham County Police Department, CV406-048 (dismissed as frivolous on 5/23/06).

13.    Arledge v. Cumulus Broadcasting, Inc., CV406-183 (filed 7/25/06). This complaint is essentially identical to the complaint dismissed as frivolous in Arledge v. Cumulus Broadcasting, CV406-065 (dismissed 5/24/06).

14.    Arledge v. Dr. Faber, CV406-184 (filed 7/25/06). This action raises the same allegations which the Court dismissed as frivolous in Arledge v. Faber, CV406-054 (dismissed 5/23/06).

15.    Arledge v. Kroger, CV406-187 (filed 7/27/06). This complaint repeats the allegations raised in Arledge v. Kroger, CV406-055 (dismissed as frivolous on 5/24/06).

In addition to the above repetitive actions, plaintiff also seeks to file a complaint against Congressman Jack Kingston and "other members of Congress." Arledge v. Jack Kingston, CV406-174. This is the first time Arledge has sued any of these defendants. While her allegations are somewhat vague, she references the "invasion of [her] privacy" both at home and at work and relates the effort she has made to enlist the help of former Senator Zell Miller's office in addressing these problems. She is

evidently not pleased with the congressional response to her letters and phone calls, for she now seeks to add members of Congress to the long list of those who have allegedly abused her rights.

This complaint is in the same vein as plaintiff's numerous other frivolous filings, for once again it rests upon the clearly baseless factual contention that plaintiff's "privacy" has been invaded by various governmental officials and public figures.[2]   Furthermore, plaintiff's contention that Kingston and other members of Congress are somehow subject to suit in federal court for failing to take appropriate action in response to her letters and phone calls clearly lacks an arguable legal basis. A claim based "on an indisputably meritless legal theory" is frivolous within the meaning of the *in forma pauperis* statute and should be dismissed. Neitzke v. Williams, 490 U.S. 319, 327 (1989). Accordingly, this complaint, like all of the others plaintiff has filed this year, should be dismissed as frivolous.

---

[2]Although this particular complaint does not flesh out the bizarre invasion-of-privacy contentions plaintiff has stated in such great detail in her many other complaints, it is appropriate for the Court to read her latest complaint in light of her many other frivolous filings, where she has continually stated that she has been spied upon and sexually molested by the President of the United States, Donald Trump, Ben Affleck, and numerous other public figures.

All of the above cases describe "fantastic or delusional scenarios" that qualify as frivolous claims within the meaning of the *in forma pauperis* statute. <u>Denton v. Hernandez</u>, 504 U.S. at 32. Such "clearly baseless" claims are subject to immediate dismissal under § 1915(e). <u>Id</u>. at 32-33. Additionally, the Court's prior frivolousness determinations as to Arledge's previously dismissed claims should stand as a res judicata bar to her efforts to again acquire *in forma pauperis* status for the purpose of relitigating those claims. <u>Id</u>. at 34. Thus, all of Ms. Arledge's latest round of complaints should be dismissed.

**B.   Injunction Against Future Frivolous Filings**

This Court has both the inherent power and the constitutional duty to protect itself against an abusive litigant whose repeated frivolous filings "impair its ability to carry out Article III functions." <u>Procup v. Strickland</u>, 792 F.2d 1069, 1073 (11th Cir. 1986) (en banc); <u>see</u> <u>In re Martin-Trigona</u>, 737 F.2d 1254, 1261-62 (2nd Cir. 1984); <u>Green v. Carlson</u>, 649 F.2d 285 (5th Cir. 1981). Every lawsuit or paper filed with the Court, no matter how frivolous or repetitious, requires the investment of the Court's time and imposes a burden on its limited resources. <u>In re McDonald</u>, 489 U.S. 180, 184 (1989); <u>Procup v. Strickland</u>, 792 F.2d at 1072. The Court has the

responsibility of ensuring that those resources "are allocated in a way that promotes the interests of justice." In re McDonald, 489 U.S. at 184. That goal is not furthered when the Court tolerates repeated frivolous filings from a litigant alleging delusional or fantastic claims, for the continual processing of such a flood of frivolous litigation from a single litigant necessarily "encroach[es] on the judicial machinery needed by others." Procup, 792 F.2d at 1074.

The federal courts have used a variety of "injunctive devices" to protect their dockets from abuse by litigants who monopolize judicial resources through the serial filing of frivolous lawsuits. Procup, 792 F.2d at 1072. The district courts have "considerable discretion" in selecting the appropriate measure to curtail the repeated filings of an abusive litigant. Id. at 1074. While the courts may not "completely close the courthouse doors to those who are extremely litigious," Cofield v. Alabama Public Service Comm'n, 936 F.2d 512, 517 (11th Cir. 1991), an abusive litigant may be required "to seek leave of court before filing pleadings in any new or pending lawsuit". Procup, 792 F.2d at 1072.

Tonya Marie Arledge, despite her sincerity and obvious mental infirmity, is clearly an abusive litigant. In March of this year she filed

11

twenty-three frivolous actions, all of which the Court dismissed under §
1915(e).  In July she filed fifteen additional civil complaints, naming the
same defendants and asserting the same claims raised in her prior lawsuits.
She has also sued a new defendant, again asserting claims that have no
conceivable merit.  Addressing these thirty-nine frivolous actions has placed
an undue burden upon this Court's limited resources and has diverted the
Court's attention from legitimate cases brought by other litigants
(including other IFP plaintiffs).  There is no reason for the Court to expect
that Ms. Arledge intends to cease this activity.

Accordingly, it is hereby recommended that Tonya Marie Arledge be
required to seek leave of court before filing any further lawsuits in this
district. Should Ms. Arledge present any further complaints or other papers
to the Clerk for filing, the Clerk should be directed to receive the papers,
open a miscellaneous file for tracking purposes, and forward those papers
to the Chief Judge of this Court for a determination as to whether the
document presents a claim with any arguable merit.  Only if the Chief
Judge allows the complaint or other paper to be filed should the case be
transferred to the civil docket and given a civil action number.

Such a prefiling screening mechanism leaves Ms. Arledge with sufficient access to the courthouse, for it does not foreclose her from filing a case that has arguable merit. <u>Procup</u>, 702 F.2d at 1070, 1071 (district has the authority to impose "serious restrictions" on pro se litigants, and though "an absolute bar" against further filings would be "patently unconstitutional", court may require that litigants' cases be screened prior to filing); <u>Cofield</u>, 936 F.2d at 518 ("prefiling screening of claims leaves sufficient access to the courts"). If Ms. Arledge continues to deluge this Court with such a volume of filings that even prescreening review imposes an undue burden upon its time and resources, then the Court will have to consider other more "imaginative" measures to stem the tide of her frivolous filings. <u>Procup</u>, 792 F.2d at 1073.

**SO REPORTED AND RECOMMENDED this** *2nd* **day of August, 2006.**

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA